EMMANUEL C. AKUDINOBI, SBN 188903
epcakudinobi@yahoo.com
CHIJIOKE O. IKONTE, SBN 206203
cikonte@yahoo.com
LAW OFFICES OF AKUDINOBI & IKONTE
3435 WILSHIRE BLVD., SUITE 1520
LOS ANGELES, CA 90010
(213) 387 - 0869
(213) 387 - 0969 (fax)

Attorneys for Plaintiff
Brian Beinlick

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Beinlick, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | [*DEMAND FOR JURY TRIAL*] |
| Sandar Aung, Alexander Liu, Monivirin Son, California Department of Corrections and Rehabilitation, County of San Joaquin AND DOES 1 – 10 INCLUSIVE, | |
| Defendants | |

Plaintiff Brian Beinlick ("Beinlick") alleges as follows:

## I

## PARTIES

1.     Plaintiff, Brian Beinlick ("Beinlick"), an individual, at all times relevant, an inmate under the custody of the State of California and California Department of Corrections and Rehabilitation ("CDCR"). He was housed at Mule Creek State Prison ("Mule Creek") in Ione, California.

2. Defendant Sandar Aung ("Aung") is a doctor employed by CDCR to provide health care to inmates at Mule Creek. At all times relevant he was acting under the color of law because he was engaged in the traditionally governmental function of providing health care to inmates. He was Beinlick's primary care physician at all times relevant.

3. Defendant Monivirin Son ("Son") is a doctor employed by CDCR to provide health care to inmates at Mule Creek. At all times relevant he was acting under the color of law because he was engaged in the traditionally governmental function of providing health care to inmates. He was Beinlick's primary care physician at all times relevant.

4. Defendant Alexandar Liu ("Liu") is a medical doctor. Plaintiff is informed and believes and thereon alleges that Liu was employed by the County of San Joaquin and worked at San Joaquin General Hospital. At all times relevant he was acting under the color of law because he was engaged in the traditionally governmental function of providing health care to inmates.

5. Defendant California Department for Corrections and Rehabilitation is at all times relevant a public entity duly organized and existing under the laws of the State of California.

6. Defendant County of San Joaquin is at all times relevant a public entity duly organized and existing under laws of the State of California. At all times relevant it was acting under the color of law because it was engaged in the traditionally governmental function of providing health care to inmates.

7. The true name and identities of the DOE defendants are currently unknown. Plaintiff hereby reserves the right to amend his pleadings once their true names and identities are ascertained.

8.     Plaintiff is informed and believes, and based on that information and belief, alleges that each of the defendants designated as DOE is legally responsible in some manner for the occurrences alleged in this complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this complaint.

9.     Plaintiff is informed and believes, and based on that information and belief, alleges that all the above named defendants were agents or representatives of each other, and that they were engaged in a joint venture for the mutual benefit of each other. All the above named defendants hereinafter are collectively referred to as Defendant.

## II
## JURISDICTION

10.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 because it presents a question arising under the Constitution and laws of the United States. The Court has supplemental jurisdiction to the common law claims pursuant to 28 U.S.C § 1367.

## III
## VENUE

11.    The claims alleged herein arose from events or omissions occurring in the Counties of Amador and San Joaquin. Therefore venue lies within the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2).

## IV
## GENERAL ALLEGATIONS

12.    On August 16, Aung saw Beinlick pursuant to a request by Beinlick for medical care. Beinlick requested for care because he was experiencing serious pain in his right testicles. Aung sent Beinlick for additional evaluation at the prison clinic.

13. Following further evaluation at the clinic, Beinlick was referred to San Joaquin General Hospital ("SJGH") for additional evaluation and possible treatment. Beinlick was seen on August 17, 2018.

14. At SJGH, Beinlick was evaluated and received an ultrasound of his groin and testicles which showed and confirmed multiple epididymal cysts on both testicles, the right testicle being more severe. The diagnosis confirmed the source of Beinlick's pain and symptoms.

15. Following consultation, Liu requested that Beinlick be brought back within 2 to 3 days for treatment. The request was because of the conditions of Beinlick's testicles and the extreme pain that he was feeling as a result. Liu is a urologist

16. Aung submitted a request for the urology follow up. Aung ignored the hospital's order to have plaintiff follow-up with a urologist within 2 to 3 days. Rather he submitted the request for service as a routine order.

17. On August 20, 2018, Aung saw Beinlick for worsening testicular pain that had now shifted to the left testicle together with nausea and pain radiating to his abdomen. Aung placed an antibiotic. The request for see a urologist was not expedited at this time.

18. Beinlick submitted requests to see has doctor on August 31 and September 4, 2018 because the pains were not getting better and were becoming debilitating.

19. On September 11, 2018, with Beinlick's pain unbearable, an emergency code was called in his housing unit. He was transported to the prison's clinic. His complaints for pain went unheeded. Rather he was given numbing cream and asked to wait for whatever length of time that it would take to have the routine request for service by a urologist was approved.

20. Beinlick saw Aung on September 12 with same primary complaint. After several request for treatment, Aung was seen finally referred to SJGH for consultation and treatment by a urologist on October 11, 2018.

21. Following the initial consultation with Liu, Beinlick's conditions did not get better It got progressively worse. He sought further treatment and consultation with a urologist. The request was urgent referral was denied. His condition continued to degenerate.

22. The treating physicians managed Beinlick's testicular condition with an NSAID. Beinlick has documented allergy to NSAID. Beinlick has known adverse response to NSAID which exacerbates his known stomach and gastroenterological issues.

23. Beinlick finally saw Liu for a second time on December 13, 2018.

24. When Beinlick presented to Liu, he asked for treatment options. Liu advised that aspirating the cysts was not an option. He posited that surgery was the only option available to Beinlick. He made the requests for treatment options to Liu on two occasions and requested the same response.

25. On December 21, 2018, Liu performed surgery on Beinlick. Beinlick requested for a repeat ultrasound prior to the surgery since the last one was done in August. Liu rejected the request.

26. After the surgery, Beinlick consulted defendants after the surgery. Beinlick still had pains, this time in the left testicle. The defendants managed the testicular condition with NSAID.

27. During the surgery on December 21, 2018, Liu negligently severed the right testicular artery thereby requiring removal of the right testicle.

28. Prior to filing the lawsuit, Beinlick filed a tort claim pursuant to the California Tort Claim Act against Liu, Son, and CDCR. His claim was rejected on April 16, 2019

29. Prior to filing the lawsuit, Beinilick filed a claim with the County of San Joaquin against the County, SJGH, and Liu. The claim was rejected in June 2019.

## FIRST CAUSE OF ACTION

## 42 *U.S.C.* § 1983 – Denial of Medical Care/Conditions of Confinement against defendants Sandar Aung, Alexander Liu, Monivirin Son, and County of San Joaquin

30. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above, as though fully stated in this paragraph.

31. The defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

32. The defendants failed to take any reasonable steps or disregarded the conditions that Beinlick presented.

33. Defendants ignored the urgent request for referral to a specialist and allowed plaintiff to suffer for months with pain due to a progressive condition. The defendants were aware of the progressive degeneration and the pain that plaintiff was subjected.

34. Defendants were aware that treating plaintiff with an NSAID will exacerbate his pre-existing medical condition and yet gave him NSAID.

35. As a result of the defendants conduct, Auld suffered substantial injuries and damage, including months of pain.

36. The defendants subjected Auld to a violation of his Eighth Amendment right to be free from cruel and unusual punishment with malice and oppression and without regard to his rights.

## SECOND CAUSE OF ACTION

## Professional Negligence against all defendants

37. Plaintiff re-alleges and incorporates Paragraphs 1 through 21 above, as though fully stated in this paragraph.

38.   All of the defendants owed a duty of care to Beinlick.

39.   The defendants failed to timely refer Beinlick to a specialist, performed surgery on him without obtaining his informed consent. Indeed when he requested for the option of aspirating the cysts, he was wrongly advised that it was not an option and that surgery was his only option, negligently performed the surgery resulting in loss of his right testicle.

40.   As a result of the defendants' breach of their duty to Beinlick, Beinlick was harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.   For general and punitive damages against all defendants;

2.   For costs of the suit incurred herein;

3.   For reasonable attorneys' fees and costs incurred by plaintiff pursuant to 42 *USC* § 1988;

4.   For such additional and further relief as this court may deem just.

Dated October 16, 2019             Law Offices of Akudinobi & Ikonte,

BY:___/s/ *Chijioke Ikonte*

_____

                        Chijioke O. Ikonte
                        Attorney for Plaintiff
                        Brian Beinlick