UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BEINLICK, | No. 2:19-cv-2095 AC |
| Plaintiff, | |
| v. | ORDER |
| SANDAR AUNG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding through counsel, seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).

5       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
15 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16 cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).
27 ////
28 ////

II.     Allegations of the Amended Complaint

The amended complaint, ECF No. 5, presents one claim under 42 U.S.C. § 1983 for violation of plaintiff's Eighth Amendment right to adequate medical care, and one claim of professional negligence, against four defendants: Drs. Sandar Aung and Monivirin Son of Mule Creek State Prison; Dr. Alexander Liu of San Joaquin General Hospital; and the County of San Joaquin. The amended complaint alleges in sum as follows. Plaintiff was treated at MCSP and SJGH for testicular cysts beginning in August 2018. Plaintiff was under the care of Dr. Aung at MCSP when he was first sent to SJGH for evaluation and treatment related to serious pain in the right testicle. Multiple cysts were identified in both testicles, and Dr. Liu requested that plaintiff return in 2-3 days for urology follow-up. Dr. Aung failed to expedite the request, treating it as a routine referral, and merely put plaintiff on antibiotics. Plaintiff's condition deteriorated and his pain worsened; his requests to see the doctor were ignored. On September 11, 2018, plaintiff's pain was so severe that an emergency code was activated in his housing unit. He was given a numbing cream and told to wait while his routine request for specialist care was approved. Referral for specialty care was delayed throughout the fall of 2018. Treating physicians at MCSP managed plaintiff's condition with Non-Steroidal Anti-Inflammatory Drugs (NSAIDs), despite the fact that plaintiff had known adverse reactions to this class of medications.

After multiple requests for treatment, plaintiff was finally returned to SJGH and saw Dr. Liu for a second time in December 2018. In discussing treatment options with plaintiff, Dr. Liu incorrectly stated that aspirating the cysts was not an option. Dr. Liu said that surgery was the only option. He performed the surgery on December 21, 2018, and negligently severed the right testicular artery; plaintiff's right testicle therefore had to be removed. After surgery, plaintiff still experienced pain in his left testicle. His pain was treated with NSAIDs, which were poorly tolerated and ineffective. Plaintiff's complaints of continuing pain and requests to see a urologist were ignored until after the Prison Law Office intervened on plaintiff's behalf. Plaintiff saw non-defendant urologist Dr. Sorbera twice in March 2019; Dr. Aung thereafter ignored Dr. Sorbera's recommendations.

////

### III. Governing Eighth Amendment Principles

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. A prison official acts with deliberate indifference only if he subjectively knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

### IV. Failure to State a Claim

The amended complaint does not state a viable Eighth Amendment claim under § 1983. Plaintiff's allegations demonstrate the existence of a serious medical need, but do not establish a deliberately indifferent state of mind on the part of any defendant. The alleged conduct of Drs. Aung and Liu does not rise above the level of negligence, which is insufficient as a matter of law. Farmer, 511 U.S. at 835. Moreover, the facts suggest differences of opinion about the need for treatment and the appropriate courses of treatment, which do not rise to the level of deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996). The complaint does not include facts which, if true, would show that Drs. Aung or Liu were subjectively aware that their

acts or omissions excessively risked further harm to plaintiff.

The complaint does not identify any specific acts or omissions of Dr. Son that are alleged to have violated plaintiff's Eighth Amendment rights. Liability under § 1983 is limited to persons who caused a deprivation of plaintiff's rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Because there are no alleged facts showing that Dr. Son acted with deliberate indifference to plaintiff's serious medical need, causing harm, plaintiff has not stated a claim for relief against this defendant.

The allegations of the complaint also fail to state a § 1983 claim against the County of San Joaquin. Even assuming SJGH employee Dr. Liu acted under color of law and could be individually liable under § 1983, the County itself cannot be liable unless its own municipal actions—such as a County policy—caused the alleged deprivation of plaintiff's rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also, City of Canton v. Harris, 489 U.S. 378, 389 (1989). There is no *respondeat superior* liability under § 1983. Monell, 436 U.S. at 694. The amended complaint does not demonstrate that the alleged deficiencies of Dr. Liu's treatment of plaintiff were caused by a County policy.

For these reasons, plaintiff's first cause of action does not state a claim for relief against any defendant and is subject to summary dismissal on screening. If the complaint's sole federal claim is dismissed, the court need not entertain the supplemental state law claim. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are dismissed, district courts should usually decline to exercise supplemental jurisdiction over state law claims). Rather than recommending dismissal at this time, the undersigned will grant plaintiff the opportunity to file a Second Amended Complaint.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The court has screened the amended complaint, ECF No. 5, pursuant to 28 U.S.C. § 1915A and finds that it does not state a federal claim upon which relief may be granted;

////

2. Plaintiff may, within thirty days, file a Second Amended Complaint.

DATED: June 8, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE