UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BEINLICK,<br><br>   Plaintiff,<br><br>   v.<br><br>SANDAR AUNG, et al.,<br><br>   Defendants. | No. 2:19-cv-2095 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner represented by counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The case was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Two motions to dismiss are before the court, one brought by San Joaquin County and Dr. Alexander Liu (the "County defendants") (ECF No. 16) and one brought by Dr. Sandar Aung, Dr. Monrivin Son, and the California Department of Corrections and Rehabilitation (the "CDCR defendants") (ECF No. 24). Both motions are fully briefed. See ECF Nos. 16, 20, 22, 24, 26, 27. For the reasons stated below, the undersigned will recommend that both motions be granted in part and denied in part.

////

////

////

I.    THE COMPLAINT

A. Overview

The second amended complaint ("SAC") brings claims arising from plaintiff's medical care at Mule Creek State Prison ("MCSP") and San Joaquin General Hospital ("SJGH"). The claims are stated against the following defendants: CDCR and Drs. Sandar Aung and Monivirin Son (the CDCR defendants), and San Joaquin County and Dr. Alexander Liu (the County defendants). ECF No. 7 at 1-2.[1] The gravamen of the complaint is that the defendants failed to timely and properly treat epididymal cysts on plaintiff's testicles between August 2018 and August 2019, causing serious pain and suffering over an extended period of time. ECF No. 7 at 3-8. Plaintiff seeks general and punitive damages against all defendants. ECF No. 7 at 10.

B. Claims Presented

Plaintiff's first cause of action, for deliberate indifference to serious medical needs in violation of the Eighth Amendment, is stated against the three doctors and San Joaquin County, but not against CDCR. Id. at 8. It alleges that defendants failed to take reasonable steps to address, or disregarded, the testicular pain plaintiff was experiencing due to a serious, progressive condition. Id. at 9. Plaintiff alleges that defendants ignored his urgent requests for referral to a specialist and instead treated him with medication that worsened the symptoms of a pre-existing medical condition, causing "substantial injuries and damage, including pain." Id. Plaintiff alleges further that San Joaquin County has policies and customs of ignoring reports of pain by CDCR inmates and of providing them with sub-standard medical treatment. Id. These policies and customs proximately caused and contributed to the violations of plaintiff's constitutional rights. Id.

The second cause of action, for professional negligence, alleges that "all defendants" failed to timely refer plaintiff to a specialist and performed surgery on him without his informed consent. ECF No. 7 at 9. Plaintiff specifically alleges that Dr. Liu, instead of providing the cyst aspiration procedure that plaintiff had requested, wrongly advised plaintiff that that procedure

---

[1] Plaintiff also named Does 1-10 as defendants, but there are no factual allegations involving the actions of any unnamed individual.

was not an option and that surgery was his only option.  Id. at 9-10.  Plaintiff alleges that the surgery was then negligently performed by Dr. Liu in December 2018.  During the surgery Liu severed plaintiff's right testicular artery, resulting in the removal of the right testicle.  Id. at 6, 9-10.

## II.   STANDARDS

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations to support relief.  In order to survive dismissal, a complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  The plausibility standard asks for more than a possibility that a defendant has acted unlawfully.  Id. at 678 (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).  It must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co.).  The court will " 'presume that general allegations embrace those specific facts that are necessary to support the claim.' " National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

////

III. DISCUSSION

    A. San Joaquin County Defendants' Motion to Dismiss

The County defendants move to dismiss all claims against the municipal entity and against Dr. Lui. For the reasons that follow, the undersigned recommends that the motion be granted as to the County and denied as to Dr. Lui.

    1. Defendant Liu

The SAC alleges that Dr. Liu, a urologist at San Joaquin General Hospital ("SJGH"), first saw plaintiff on an emergency basis on or about August 16, 2018. ECF No. 7 at 4. An ultrasound identified multiple epididymal cysts on both of plaintiff's testicles, with the right testicle being more severe. Liu found an urgent need for follow-up care in 2-3 days, but prison doctors failed to return plaintiff for such care. Id. Plaintiff next saw Dr. Liu at SJGH on October 11, 2018, and Liu prescribed an NSAID although plaintiff's medical records documented an allergy to such medications. Id. at 5. At their next interaction, on December 13, 2018, Liu wrongly advised plaintiff that aspiration of the cysts was not an option and that the only option was surgery. Id. at 6. On December 21, 2018, Liu performed the surgery without conducting an ultrasound first, and negligently severed the right testicular artery. The testicle had to be removed. Id.

        a. Eighth Amendment Deliberate Indifference

In order to state an Eighth Amendment claim under § 1983 based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992). A prison official acts with deliberate indifference only if he subjectively

////

knows of and disregards an excessive risk to inmate health and safety. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Defendants argue that this claim fails because the SAC itself establishes that Dr. Liu provided appropriate care and treatment. Specifically, (1) during his initial August 2018 consult with plaintiff, Dr. Liu requested that plaintiff be returned to the hospital within two or three days for treatment and told plaintiff that if his condition worsened he should be returned to the hospital with emergent status; (2) during his October 2018 consult with plaintiff, he prescribed plaintiff medication to reduce his swelling, and he advised that surgery would be needed if the medication was not helpful; and (3) during his December 2018 appointment with plaintiff, he scheduled him for surgery. See ECF No. 16 at 8-9 (defendants' motion to dismiss); ECF No. 22 at 5-6 (defendants' reply). They also argue that the prescription of an NSAID amounts to "nothing more than the need to pursue one course of treatment over another," which is insufficient to establish deliberate indifference. ECF No. 16 at 9. Finally, defendants argue that plaintiff's "claimed adverse response" to NSAIDs is mere exacerbation of his gastrointestinal issues, and they note that plaintiff has not alleged that he actually experienced an adverse reaction to the medication. ECF No. 22 at 6.

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. The allegation that Dr. Liu prescribed a medication to which he knew plaintiff was allergic—which the court must accept as true at the pleading stage—supports an inference of a deliberately indifferent state of mind vis-à-vis plaintiff even if the NSAIDs did not independently cause compensable harm. Plaintiff's other allegations support inferences that Dr. Liu performed an unnecessary surgery rather than conducting a less invasive procedure, that the surgery was incompetently performed and cost plaintiff his testicle, and that adequate pain relief was not provided thereafter despite awareness of plaintiff's suffering. These allegations, taken together, are sufficient to state a claim for relief under the Eighth Amendment.

Because the SAC provides sufficient factual matter to support an inference that Dr. Liu was deliberately indifferent to plaintiff's serious medical needs, see Iqbal, 556 U.S at 678, the undersigned will recommend that the Eighth Amendment claim against him proceed.

        b.    Professional Negligence

The County defendants argue that because the § 1983 claim must be dismissed, the court should decline to exercise supplemental jurisdiction over the professional negligence claim, which is governed by state law. ECF No. 16 at 12. Having rejected Dr. Liu's argument on the federal claim, the undersigned must reject this argument as well.

Defendants do not expressly challenge the sufficiency of plaintiff's allegations to state a claim, but the court notes that the claim appears to be facially viable. Under California law, four elements are needed to establish a viable professional negligence claim: (1) the duty of the professional to use skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate, causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009); see also Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, 593 F.Supp.2d 1153, 1165 (S.D. Cal. 2008) (citing Osornio v. Weingarten, 124 Cal.App.4th 304, 319 (2004)). As a urologist, Dr. Liu is a professional who had a duty to use his skill in the same manner as other members of his profession. The facts presented in the SAC make an adequate showing that defendant Liu breached that duty by (1) prescribing ineffective and potentially harmful NSAIDs to plaintiff despite his protests, and (2) performing unnecessary surgery on plaintiff in such a deficient manner that plaintiff had to have his right testicle removed.

For all these reasons, the undersigned will recommend that this claim proceed against Dr. Liu.

        c.    Punitive Damages

The County defendants move to dismiss or strike plaintiff's request for punitive damages. A motion under Rule 12(b)(6), rather than a motion to strike under Rule 12(f), is the proper vehicle to challenge the sufficiency of a punitive damages claim. Kelley v. Corr. Corp. of Am.,

750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010). The question for the court is thus whether the allegations against Dr. Liu, taken as true and with all reasonable inferences drawn in plaintiff's favor, meet the standard for punitive damages.[2]

In a § 1983 case, punitive damages are proper where a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others. Smith v. Wade, 461 U.S. 30, 56 (1982); Davis v. Mason County, 927 F.2d 1473, 1485 (9th Cir. 1991). The allegations against Dr. Liu do not demonstrate evil motive or intent. However, intent to cause harm is not required. The Supreme Court has recognized that the alternative reckless disregard of rights standard for punitive damages is the functional equivalent of the Eighth Amendment culpability standard. In Smith, supra, the Court rejected the theory that an award of punitive damages in the Eighth Amendment context must be based on a higher level of culpability than that required for the underlying constitutional violation. 461 U.S. at 56. This does not mean that a finding of liability entitles a plaintiff to punitive damages, which serve a different function than compensatory damages and are awarded at the jury's discretion. Id. at 51-52.

The undersigned has found that the allegations of the SAC support the subjective prong of plaintiff's Eighth Amendment claim against Dr. Liu. Accordingly, at this stage of the proceedings, the court cannot conclude that punitive damages are unavailable as a matter of law. This portion of the motion should also be denied.

### 2. Defendant San Joaquin County

The SAC alleges in conclusory terms that defendant San Joaquin County's policies and customs deprived plaintiff of his constitutional rights. ECF No. 7 at 9. To state a viable Section 1983 claim against a municipality under Monell v. Dep't of Social Services, 436 U.S. 658 (1978), a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4)

---

[2] The SAC does not set forth a separate claim for punitive damages or identify the facts relied upon to support such relief; it appears to rely on all factual allegations to support all requested forms of relief.

the policy is the moving force behind the constitutional violation. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused his constitutional injury. See Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. Anderson, 451 F.3d at 1070.

Here, assuming the violation of a constitutional right (deliberately indifferent care by Dr. Liu at SJGH), the undersigned agrees with the County that the SAC lacks specific factual allegations supporting the other required elements of municipal liability. The municipal liability allegations of the SAC read in full as follows:

> 50. Policies and customs of the County of San Joaquin proximately caused and contributed to the constitutional violations set forth above.
>
> 51. Beinlick is informed and believes and thereon allege that it is the policies and customs of the County of San Joaquin to ignore the pain presented by people under the custody of CDCR and present sub-standard medical treatment to them.

ECF No. 7 at 9.

Such conclusory allegations are insufficient to state a Monell claim. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "Since Iqbal, courts have rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability." Gonzalez v. County of Merced, 289 F. Supp. 3d 1094, 1113 (E.D. Cal. 2017). Merely reciting the general standards giving rise to municipal liability under § 1983 is insufficient to state a claim. Via v. City of Fairfield, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011). The operative complaint in this case does not identify any actual policy, or include any facts demonstrating the existence of a custom that has the force of policy. Plaintiff's personal belief that SJGH routinely ignores pain complaints and provides inadequate care to inmates does not constitute factual matter sufficient to state a claim under Iqbal, 556 U.S at 678. Accordingly, the motion to dismiss should be granted as to San Joaquin County.

8

B. CDCR Defendants' Motions to Dismiss

1. Defendant Aung

Dr. Aung treated plaintiff at MCSP throughout the relevant period, and was his primary care physician. ECF No. 7 at 2. The SAC alleges that after plaintiff returned to the prison from an emergency trip to SJGH on August 16, 2018, with a recommendation from Dr. Lui that he be seen again in urology within 2-3 days or on an emergency basis if his symptoms worsened, Dr. Aung disregarded these requests. Id. at 3-4. On multiple specified occasions, despite plaintiff's complaints of extreme pain, Dr. Aung classified plaintiff's requests for treatment as "routine." Id. at 4-6. Routine requests typically take about ninety days to be addressed. Id. at 4. Aung was aware of plaintiff's reports of worsening pain, but failed to schedule a urology follow-up for treatment of the cysts or to treat plaintiff's pain. Aung provided "numbing cream" and antibiotics instead. Id. at 5-6. Plaintiff was not taken back to SJGH until October 11, 2018. Thereafter Aung continued his pattern of non-response to plaintiff's reports of extreme pain and swelling, and disregarded plaintiff's complaints about being prescribed NSAIDs. After plaintiff's surgery in December 2018, Aung failed to adequately treat his pain and ignored the adverse effects of the NSAIDs. Id. at 7. Following intervention by the Prison Law Office, plaintiff was seen by urologist Dr. Sorbera in March and May of 2019. Dr. Sorbera made recommendations (not specified in the SAC) that Dr. Aung failed to follow. Id. at 8.

a. Eighth Amendment Deliberate Indifference

Defendants argue that plaintiff fails to state a claim against Dr. Aung because (1) the SAC establishes that Aung provided treatment throughout the relevant period, and (2) a difference of opinion about the course of treatment does not establish an Eighth Amendment violation. As with the claim against Dr. Liu, however, the fact that treatment was provided does not necessarily defeat a claim. See Ortiz, 884 F.2d at 1314; see also Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.").

////

The facts alleged in the SAC are sufficient to show that Dr. Aung was aware that plaintiff was in excruciating pain, knew that he needed to be seen by a specialist, and nonetheless repeatedly delayed his access to specialty care. Liability can be based on such facts. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (Eighth Amendment claim supported by evidence that defendant purposefully failed to respond to the plaintiff's pain and to obtain necessary specialist care). The SAC includes sufficient factual matter to support an inference that Dr. Aung's actions and failures to act caused the unnecessary and wanton infliction of pain. See Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The alleged ongoing pattern of disregarding plaintiff's symptoms, and repeatedly providing medication that he knew plaintiff could not tolerate, supports an inference that Dr. Aung acted with the subjective mental state of deliberate indifference. Accordingly, an Eighth Amendment claim lies against Dr. Aung.

### b. Professional Negligence

Like the San Joaquin County defendants, the CDCR defendants seek dismissal of the state law claim on grounds that supplemental jurisdiction over it should be declined following dismissal of the § 1983 claim. The undersigned has found that the § 1983 claim against Dr. Aung survives, so this argument must be rejected and the motion denied as to the negligence claim.[3]

### 2. Defendant Son

The SAC alleges that on February 14, 2019 (less than a month after the allegedly botched surgery at SJGH), plaintiff was seen by Dr. Son at MCSP. ECF No. 7 at 7. Plaintiff complained of testicular pain, and pressure and swelling in his groin and abdomen. Id. Dr. Son was aware that the prescribed NSAID had been ineffective and had caused adverse reactions, but he continued to treat plaintiff's pain with the NSAID. Id. at 7.

### a. Eighth Amendment Deliberate Indifference

The SAC identifies a single encounter between plaintiff and Dr. Son, in which Dr. Son continued the course of NSAID treatment that Dr. Aung had been pursuing. Unlike Dr. Aung,

---

[3] Moreover, as with Dr. Liu, the undersigned finds that the allegations supporting an Eighth Amendment claim also sufficiently support the negligence claim.

Dr. Son had no ongoing involvement in plaintiff's care either before or after his surgery.[4] The SAC includes many general allegations that "defendants" collectively ignored plaintiff's pain and failed to provide necessary care, but these do not substitute for specific allegations about Dr. Son's acts and omissions. See Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (complaint must allege in specific terms how each named defendant is involved). Liability under § 1983 must be predicated on specific acts that caused plaintiff's constitutional rights to be violated. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The single instance alleged in the SAC does not support an inference that Dr. Son acted with the culpable state of mind that is a necessary element of an Eighth Amendment violation, or that Dr. Son's actions were responsible for plaintiff's ongoing, unnecessary suffering. Accordingly, plaintiff has not stated a viable deliberate indifference claim against Dr. Son.

### b. Professional Negligence

Dismissal of the § 1983 claim against Dr. Son does not require the court to dismiss the supplemental state law claim against him, as other federal claims survive the motion to dismiss and the case will therefore proceed in this court. Dismissal of the claim is nonetheless appropriate, however, because the allegations against Dr. Son fail to support the elements of professional negligence. Specifically, the single encounter in which Dr. Son continued Dr. Aung's course of treatment does not demonstrate a breach of Dr. Son's duty as a physician, causation of plaintiff's suffering or injuries, or any actual loss or damage resulting from Dr. Son's own conduct (as opposed to Dr. Aung's and Dr. Liu's conduct). See Corales, 567 F.3d at 572 (elements of California negligence claim). Accordingly, the motion to dismiss should be granted as to this claim against Dr. Son.

### 3. Defendant CDCR

The CDCR is named as a defendant in this action, ECF No. 7 at 2, but there are no allegations in the SAC involving departmental acts or omissions. The department cannot be sued for damages under § 1983, both because as agency of the State it is not a "person" amenable to

---

[4] Dr. Son, like Dr. Aung, is described as plaintiff's "primary care physician," ECF No. 7 at 2, but the factual allegations do not reflect any ongoing care by Dr. Son.

suit under the statute, see Allison v. California Adult Auth., 419 F.2d 822, 822-23 (9th Cir. 1969), and because it is entitled to Eleventh Amendment immunity, see Papasan v. Allain, 478 U.S. 265, 276 (1986). No department-wide injunctive relief is sought. Accordingly, CDCR is not a proper defendant on plaintiff's deliberate indifference claim, and it is not specified as a liable party in that cause of action. See ECF No. 7 at 8.

As for the professional negligence claim, which is stated against "all defendants," id. at 9, the SAC itself reflects no theory of entity liability. Under California law, a public entity is generally immune from liability based on injury to a prisoner caused by alleged improper medical care. See Cal. Gov. Code § 844.6; see also Wright v. State of California, 122 Cal. App. 4th 659, 671-72 (2004). Although there are some exceptions to this rule (see, e.g., Cal. Gov. Code § 854.6), a public entity is not liable unless a state statute imposes liability. Wright, 122 Cal. App. 4th, at 672. Neither the operative pleading nor plaintiff's opposition to the motion identifies such a statute nor articulates any theory of liability. Because the SAC makes no allegations pertinent to public entity liability, and plaintiff has failed to oppose the motion to dismiss with a cognizable theory for such liability, CDCR should be dismissed from this action.

### C. Further Leave to Amend Should Not Be Granted

The original and first amended complaints were both drafted by counsel. The first amended complaint was found on screening not to state any claims for relief, and plaintiff was granted leave to amend. See ECF No. 6. The SAC is the third pleading prepared by counsel, and it states no viable claims against San Joaquin County, CDCR, or Dr. Son. Plaintiff has not indicated that any additional facts exist that could be added by amendment to cure the above-identified defects in these claims. Accordingly, further leave to amend would be futile and the dismissal of defendants San Joaquin County, CDCR, and Dr. Son should be with prejudice. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) (leave to amend may be denied where futile); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (district court has broad discretion to dismiss with prejudice where plaintiff has amended once already).

////

////

CONCLUSION

For all the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The County defendants' motion to dismiss (ECF No. 16) be GRANTED IN PART and DENIED IN PART as follows:

    a. GRANTED as to San Joaquin County and all claims against it, which should be dismissed with prejudice; and

    b. DENIED as to Dr. Alexander Liu and all claims against him; and

2. The CDCR defendants' motion to dismiss (ECF No. 24) be GRANTED IN PART and DENIED IN PART as follows:

    a. GRANTED as to CDCR and Dr. Monrivin Son and all claims against them, which should be dismissed with prejudice; and

    b. DENIED as to Dr. Sandar Aung and all claims against him.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

13