UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BEINLICK, | No. 2:19-cv-2095 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| SANDAR AUNG, et al., | |
| Defendants. | |

Plaintiff, proceeding through counsel, has filed motions to modify the scheduling order, to withdraw deemed admissions, and for an extension of time to respond to defendants' motions for summary judgment. ECF Nos. 41, 42, 52. Defendants oppose the motions. ECF Nos. 44-46, 53, 54.

I.     Motion to Modify Scheduling Order

By order filed April 24, 2023, the undersigned set a schedule for discovery and dispositive motions in this case. ECF No. 37. The deadline for completing discovery was set for August 25, 2023, while dispositive motions were due by November 17, 2023. Id. at 6. On July 28, 2023, the parties filed a stipulated request to modify the scheduling order. ECF No. 39. The request was granted, and the deadline for completing discovery was extended to October 27, 2023, with dispositive motions due by January 19, 2024. ECF No. 40.

////

1

Three days before discovery closed, plaintiff filed an ex parte motion to modify the scheduling order to extend the deadlines for discovery and dispositive motions by 90 and 120 days, respectively. ECF No. 41. Plaintiff states that he needs additional time to take defendants' depositions, which he has been unable to accomplish due to scheduling difficulties. Id. at 3. Defendants oppose the motion, arguing that plaintiff has not been diligent in pursuing discovery because he waited until September 22, 2023, to make any mention of deposing defendants and has never noticed defendants' depositions. ECF Nos. 44, 45.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses on the "diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (internal citation omitted).

Including the extension granted on July 31, 2023, the parties had six months to complete discovery. Although plaintiff asserts that he has been unable to depose defendants due to scheduling conflicts, the record is devoid of any such evidence. Rather, the evidence presented by plaintiff relates only to the scheduling of plaintiff's deposition, ECF Nos. 41-1-to 41-6, and he offers nothing to contradict defendants' claim that he did not raise the possibility of deposing defendants until September 22, 2023. Though evidence submitted by defendants indicates plaintiff may have raised the possibility of deposing defendants prior to September 22, 2023,[1] the communications related to scheduling attempts relate only to plaintiff's deposition. ECF No. 44-1 at 7-48.

Plaintiff appears to assert that because defendants made their request to depose plaintiff first, as a courtesy, he was waiting until plaintiff's deposition was complete to take defendants' depositions. ECF No. 41 at 4. This does not show diligence, particularly in light of plaintiff's

---

[1] See ECF No. 44-1 at 28 (email dated July 26, 2023, stating that the parties were stipulating to extend discovery two months "so that *all* depositions can be completed" (emphasis added)).

counsel's representations, both in his declarations and email to defense counsel, that it would be difficult to schedule plaintiff for an in-person deposition due to plaintiff's health problems.[2]  ECF No. 41-1 at 2; ECF No. 44-1 at 32.  Considering the difficulties plaintiff's own availability presented to scheduling, it is unclear why he would not attempt to at least inquire into defendants' availability to see if their depositions would be easier to schedule and move discovery forward.

Plaintiff has not demonstrated that he used diligent efforts to meet the discovery deadlines and the court does not find good cause to further extend the scheduling order.  Plaintiff's motion for an extension will therefore be denied.

II.     Motion to Withdraw Admissions

Plaintiff has filed a motion to withdraw deemed admissions.  ECF No. 42.  He argues that he should be allowed to withdraw his deemed admissions because they will obviate the need to consider the merits, defendant will not be prejudiced, and there is good cause to permit withdrawal because the delay was due to communication issues between counsel and plaintiff. Id.  Defendant Aung opposes the motion on the grounds that she would be prejudiced by withdrawal and plaintiff's explanation for his failure to timely respond "is of recent invention."[3] ECF No. 46.

A.     Background

On June 21, 2023, defendant Aung served requests for admissions on plaintiff by mailing copies of the requests to both of plaintiff's attorneys.  ECF No. 42-1 at 2; ECF No. 46-1 at 16. Plaintiff's lead counsel, Mr. Ikonte, does not recall receiving the requests, but states his co-counsel, Mr. Iroegbu, confirmed that he received the requests.  ECF No. 42-1 at 2.  Mr. Ikonte was responsible for responding to written discovery.  Id.

On August 17, 2023, after failing to receive any response to discovery requests, defense counsel sent a letter to both of plaintiff's attorneys stating that discovery responses were overdue,

---

[2] Defense counsel indicated that the deposition needed to take place in person due to the number of medical records that would need to be reviewed.  ECF No. 44-1 at 33.

[3] Defendant also argues that plaintiff has not complied with the requirements of Local Rule 251, which requires the parties meet and confer regarding discovery disputes and submit a joint statement.  ECF No. 46 at 3.  However, the discovery and scheduling order in this case explicitly exempted this case from Local Rule 251's requirements.  ECF No. 37 at 5.

and all objections were waived. ECF No. 46-1 at 19. Defense counsel further requested that responses be provided and that he be contacted if there were any issues with providing responses. Id. Plaintiff's counsel did not offer any response or explanation for the delay in responding to the discovery request and returned the completed requests for admission on September 27, 2023. Id. at 2. Upon sending the requests, plaintiff asked whether defendant would waive automatic admissions without offering any explanation for the untimely responses. Id. at 2, 22. Defendant stated they would not agree to waive the admissions. ECF No. 42-1 at 2; ECF No. 46-1 at 24.

### B. Legal Standard

The Federal Rules of Civil Procedure provide that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). The discovery and scheduling order in this case provided that responses to written discovery requests were due forty-five days after service of the request. ECF No. 37 at 5.

> A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party for any other proceeding.

Fed. R. Civ. P. 36(b).

Rule 36(b) presents a permissive standard, and whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the court. Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). A district court must consider both factors specified in Rule 36(b) before deciding a motion to withdraw or amend admissions. Id. at 625. "However, in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." Id. Even if the moving party satisfies the two-pronged test, the court retains discretion to deny the motion. Id. at 624-25.

C. Promotion of Presentation of the Merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (citation omitted). In Conlon, the Ninth Circuit found this requirement satisfied where the plaintiff failed to timely respond to requests for admissions, and the defendant sought summary judgement based on the plaintiff's deemed admissions. Id. In this case, though defendant Aung has moved for summary judgment, her motion does not rely on the deemed admissions. ECF No. 49. However, plaintiff's untimely responses have resulted in admissions that he possesses no evidence that defendant was involved in his surgery, "violated [his] rights in any way," or "was negligent in any way concerning the health care he [sic] provided." ECF No. 46-1 at 15. Plaintiff has further admitted that defendant "provided competent care" for plaintiff's health concerns and referred plaintiff to an outside urologist for treatment. Id. Accordingly, upholding the admissions would practically eliminate plaintiff's ability to present the merits of his case and this prong of the analysis is satisfied.

D. Prejudice to Defendant

The party relying on the deemed admissions has the burden of proving prejudice. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." Conlon, 474 F.3d at 623. The Ninth Circuit has explained:

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.

Hadley, 45 F.3d at 1348 (quoting Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982)).

Defendant argues that she would be prejudiced if plaintiff's motion is granted because at this point discovery is closed, and she would have no opportunity to follow up on issues believed to have been admitted. ECF No. 46 at 2-3. While defendant acknowledges plaintiff's willingness

to re-open discovery, she asserts that this position is disingenuous given plaintiff's independent desire to re-open discovery and that re-opening discovery would require her to sacrifice her interest in timely resolution of the case. Id. She further argues that granting plaintiff a discovery extension under the guise of alleviating prejudice to defendant would be "a miscarriage of justice and would reward Plaintiff for his neglect and lack of diligence." Id. at 3. In reply, plaintiff argues that defendant has failed to identify any prejudice she would suffer as a result of allowing him to withdraw his admissions.

While it is true that discovery in this case has closed, a lack of discovery, by itself, is insufficient to establish prejudice. Conlon, 474 F.3d at 624 ("[W]e are reluctant to conclude that a lack of discovery, without more, constitutes prejudice."). Moreover, while defendant has filed a motion for summary judgment, it does not rely on the deemed admissions, calling into question the extent to which defendant relied upon the deemed admissions in conducting discovery. Defendant also fails to identify any additional discovery that she would have pursued without the admissions or is now unable to obtain due to her reliance on the admissions. For these reasons, defendant has failed to demonstrate that she would suffer prejudice if plaintiff is allowed to withdraw his admissions.

### E. Plaintiff's Lack of Diligence

Since plaintiff has met Rule 36(b)'s two-prong test, the court may now consider additional factors in deciding whether to exercise its discretion and allow him to withdraw the admissions. Conlon, 474 F.3d at 625. In this case, it would be inappropriate to permit plaintiff to withdraw his admissions given his unjustified lack of diligence in responding to the requests or otherwise seeking relief from the court.

Although Mr. Ikonte does not recall receiving defendant's requests, plaintiff's co-counsel acknowledged receiving them. Even excusing the failure of plaintiff's counsel to communicate with each other regarding the requests, in light of their assigned responsibilities, plaintiff provides no legitimate excuse for his six-week delay in providing responses to the requests after being advised by defense counsel that they were overdue or his failure to offer any explanation for the delay itself. Even at this stage, plaintiff fails to offer any explanation other than a vague claim

6

that the admissions were untimely "because of communication difficulties between him and his counsels." ECF No. 42 at 5; see also ECF No. 47 at 2 (referring generally to "communication difficulties"). However, the magnitude of that difficulty is suspect, considering plaintiff's assertion that he was able to timely respond to requests from defendant Liu during the same period. ECF No. 42-1 at 2. Furthermore, plaintiff offers no explanation for his failure to request an extension of time to respond to the admissions—either from defendant or the court—upon learning that the responses were overdue. Nor does plaintiff explain why he waited an additional three weeks after defendant stated he would not agree to waive the automatic admissions before seeking relief from the court.

Plaintiff has failed to offer any substantive explanation for his failure to timely respond to defendant's requests for admissions or seek relief from the automatic admissions. This lack of diligence and explanation is unacceptable and warrants denial of plaintiff's motion to withdraw deemed admissions.

### III. Plaintiff's Motion for an Extension of Time

A week before the deadline expired to file an opposition to defendants' summary judgment motions, plaintiff filed ex parte requests for a 60 day extension of time.[4] ECF Nos. 51-52. Defendants have filed separate oppositions thereto indicating that a short extension may be appropriate, but the requested time is excessive. ECF Nos. 53-54. For good cause shown, the court will grant plaintiff's requested extension with the understanding that no further extensions of time will be granted.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application to modify the scheduling order to extend discovery and motion cut-off dates (ECF No. 41) is DENIED.

2. Plaintiff's motion to withdraw deemed admissions (ECF No. 42) is DENIED.

---

[4] Both of the defendants point out that plaintiff's deadline to file an opposition was February 9, 2024 pursuant to Local Rule 230(l) and not February 2, 2024 as indicated in plaintiff's motion. See ECF Nos. 53-54. Therefore, the 60 day requested extension would fall on April 9, 2024.

    3.  Plaintiff's motions for an extension of time to file an opposition to defendants' motions for summary judgment (ECF Nos. 51, 52) are GRANTED.  Plaintiff's opposition shall be filed no later than April 9, 2024.  No further extensions of time will be granted.

DATED: February 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE