UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BEINLICK,<br><br>    Plaintiff,<br><br>    v.<br><br>AUNG, et al.,<br><br>    Defendants. | No. 2:19-cv-02095-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 49, 50, 59) |

Plaintiff Brian Beinlick is a former state prisoner proceeding with counsel in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 20, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendant Aung's motion for summary judgment (Doc. No. 49) be granted and defendant Liu's motion for summary judgment (Doc. No. 50) be granted in part and denied in part. (Doc. No. 59.) Specifically, the magistrate judge noted that plaintiff's counsel had filed a statement of non-opposition to defendant Aung's motion for summary judgment, in which defendant Aung argues that her declaration and plaintiff's health care records established that she never failed to treat plaintiff and instead arranged for plaintiff's care with

/////

/////

1

outside urology specialists and implemented the recommendations of those specialists.[1] (Doc. Nos. 49 at 8–12; 57 at 1.)  As to defendant Liu's motion for summary judgment, the magistrate judge observed that "the parties agree that there is a triable question whether plaintiff received appropriate medical treatment that was within the relevant standard of care" for the purposes of plaintiff's state law medical malpractice claim.  (Doc. No. 59 at 13.)  Further, based upon the evidence submitted by the parties on summary judgment, the magistrate judge concluded that defendant Liu was entitled to summary judgment in his favor as to plaintiff's punitive damages claim but not as to plaintiff's Eighth Amendment claim in which it was asserted that Dr. Liu was deliberately indifferent by failing to competently treat plaintiff's medical condition.  (*Id*. at 11–13.)  As to this latter claim, the magistrate judge concluded that the evidence before the court on summary judgment, which included the plaintiff's medical expert's opinion that Dr. Liu performed an unnecessary surgery and also failed to perform the surgery competently resulting in the loss of plaintiff's right testicle, and defendant's medical expert's opinion that surgical excision was the best treatment and "the occurrence of testicular loss or injury is a known but uncommon complication for all intrascrotal operations," established the existence of a disputed issue of material fact precluding the granting of summary judgment as to plaintiff's Eighth Amendment claim.  (*Id*. at 10–11.)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 14.)  No objections have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

/////

---

[1] The court notes that plaintiff's second amended complaint uses "he/him" pronouns in referring to defendant Sandar Aung. (Doc. No. 7 at ¶ 2.) However, defendant Aung's motion for summary judgment refers to defendant Aung using "she/her" pronouns. (Doc. No. 49 at 10.) The court will adopt defendant Aung's preferred pronoun usage.

Accordingly:

1. The findings and recommendations issued on September 20, 2024 (Doc. No. 59) are adopted;

2. Defendant Aung's motion for summary judgment in her favor (Doc. No. 49) is granted;

3. Defendant Liu's motion for summary judgment in his favor (Doc. No. 50) is granted as to plaintiff's punitive damages claim and denied as to plaintiff's Eighth Amendment deliberate indifference and state law medical negligence claims;

4. The Clerk of the Court is directed to enter judgment in favor of defendant Aung; and

5. This action is referred back to the assigned magistrate judge for further proceedings including the issuance of a Final Pretrial Order.

IT IS SO ORDERED.

Dated: **December 19, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE